## Frank A. Hobbs for use of Julius Limbach, Defendant in Error, v. Oscar C. Junge, Plaintiff in Error.

### Gen. No. 21,050.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 13, 1916.

### Statement of the Case.

Action by Frank A. Hobbs for use of Julius Limbach, plaintiff, against Oscar C. Junge, defendant, to recover a real estate commission. To review a judgment for plaintiff, defendant prosecutes a writ of error.

The written agreement sued upon entered into by the parties was as follows:

"April 14, 1914.

"Article of agreement by and between O. C. Junge and F. A. Hobbs & Company. It is hereby agreed by F. A. Hobbs & Company that they are to receive a commission for consummating the sale of property known and described by #1133 North Shore Avenue, of five hundred dollars ($500.00). It is further agreed and understood that O. C. Junge is to receive a sale price of twenty-five thousand dollars ($25,000.00) net to him. Deal to be consummated on or before May 1, 1914.

Signed    O. C. JUNGE."

D. M. BALL and E. W. ATKINSON, for plaintiff in error.

JULIUS LIMBACH, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 77*—*when variance between alleged contract for commission and proof immaterial.* In an action by a broker to recover a commission for the sale of the defendant's real estate, *held* that there was no variance between the evidence offered, consisting of a written contract whereby the defendant agreed to pay the plaintiff $500 as commission for negotiating the sale, and the statement of claim alleging the defendant's promise to pay the sum of $500 "which is the reasonable, usual and customary commission for such services so performed by plaintiff and as established by the rules of the Chicago Real Estate Board of which plaintiff was then and there a member," since after putting in evidence the written contract it became unnecessary for the plaintiff to prove that $500 was a reasonable, usual and customary commission.

2. BROKERS, § 36*—*what constitutes performance by broker.* In an action by a real estate broker for a commission for the sale of defendant's property, on a contract providing for the payment of a certain amount as commission "for consummating the sale" of the property on or before a certain date at a price to net the defendant a certain sum, *held* that the plaintiff was entitled to recover on proof showing that before the date mentioned he obtained from a prospective purchaser a binding contract for the purchase of the property at the price named by the defendant plus the amount of the plaintiff's commission and secured a deposit of earnest money, it not being contended that the prospective purchaser was not ready and willing to carry out the terms of the contract.